IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| VELMA W. HALL | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 5:07-CV-172(HL) |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | : | |
| Defendant. | : | |

# ORDER

Before the Court is Defendant's Motion to Strike Designation of Plaintiff's Experts (Doc. 17). For the following reasons, Defendant's motion is granted.

**I.  FACTS**

This case involves a dispute about the payment of life insurance benefits under a policy insuring the deceased Calvin Hall. On August 6, 2007, this Court entered its Scheduling and Discovery Order (doc. 11), which provides that Plaintiff had to designate her expert witnesses by November 5, 2007,[1] and that the designation had to be accompanied by a written report prepared and signed by the expert in accordance with Federal Rule of Civil Procedure 26(a)(2)(B). On November 5, 2007, Plaintiff designated Lewie Shealy as an expert witness, but Plaintiff's designation did not include a written report prepared and

---

[1] The date listed in the Order is November 4, 2007, but because November 4th was a Sunday, November 5th is the actual deadline.

1

signed by Shealy as required by the Federal Rules of Civil Procedure and this Court's Scheduling and Discovery Order. Moreover, Plaintiff's designation of Shealy also stated that Plaintiff might designate another expert witness on November 6, 2007. Thus, on November 6th, Plaintiff designated two new expert witnesses: Tim Terry and Bill Hager. Again, Plainitff's expert witness designation did not include the requisite written report.

Due to Plaintiff's failure to comply with this Court's Scheduling Order, Defendant filed the instant motion on November 15, 2007. In the motion, Defendant seeks to have this Court strike Plaintiff's expert witness designations, or, in the alternative, to allow Defendant a thirty (30) day extension of time from the date Plaintiff submits the requisite written reports to designate an expert witness and to provide the appropriate reports. On November 30, 2007, after Defendant filed this motion, Plaintiff served on Defendant her Recast Designation of Expert Witnesses and Disclosure of Expert Testimony. Plaintiff's recast designation states that Hager will not be an expert witness, and it includes the signed written reports of Plaintiff's two remaining expert witnesses: Shealy and Terry.

**II.   ANALYSIS**

Under Federal Rule of Civil Procedure 26(a)(2), a party has an obligation to disclose to other parties the identity of any witnesses it may use to present expert testimony at trial. FED. R. CIV. P. 26(a)(2)(A). The disclosure of expert witnesses must be made by the date the court orders, and the disclosure must be accompanied by a written report that was prepared and signed by the expert. FED. R. CIV. P. 26(a)(2)(B),(C). A party cannot use the testimony of an expert who was disclosed after the court's disclosure deadline for expert witnesses

unless the untimely disclosure was either substantially justified or harmless. FED. R. CIV. P. 37(c)(1).

Here, this Court finds that Plaintiff's failure to timely disclose her expert witnesses and to provide their written reports was neither substantially justified nor harmless.[2] First, as to the issue of substantial justification, Plaintiff contends that she only became aware of the need for expert testimony after Plaintiff received certain medical records on September 17, 2007, that belonged to Mr. Hall. Even though September 17th was still approximately seven weeks before the November 5th deadline, Plaintiff contends that she was unable to comply with the deadline because "finding a qualified expert in the field of life insurance underwriting is an arduous task." (Pla.'s Resp. Def.'s Mot. Strike p. 6). Defendant disputes the contention that Plaintiff's receipt of Mr. Hall's medical records triggered Plaintiff's need for expert testimony. Nevertheless, even if Plaintiff only became aware of the need for expert testimony on September 17th, Plaintiff still had seven weeks until the November 5th deadline to find an expert witness and to have the expert prepare the appropriate written report. In addition, Plaintiff's assertion that it is difficult to find expert witnesses in the field of life insurance underwriting is meritless considering that this entire case, instituted by Plaintiff, is about the denial of benefits under a life insurance policy. Thus, Plaintiff should have known from the early stages of this case that an expert witness in the life insurance field

---

[2] While Plaintiff did disclose Shealy as an expert witness before the November 5th deadline, Plaintiff's disclosure was not accompanied by the requisite written report. As a result, Plaintiff's "disclosure" of Shealy cannot be considered timely. See FED. R. CIV. P. 26(a)(2)(B); FED. R. CIV. P. 37(c).

might be needed. This Court also notes that Plaintiff never filed a motion for extension of time to designate her expert witnesses. Accordingly, this Court finds that Plaintiff's untimely disclosure of her expert witnesses and their written reports was not substantially justified.

Second, this Court finds that Plaintiff's untimely expert designations are not harmless. Plaintiff provided her expert's written reports to Defendant on November 30th, which was only two business days before Defendant's December 4th deadline for designating expert witnesses. Because Defendant learned of the reports' contents only a few days before Defendant's own expert disclosure deadline, Defendant had little time to determine whether it needed an expert, or to find one, to provide testimony in response to the opinions of Plaintiff's experts. If this Court were to allow Plaintiff's expert witnesses to testify, this Court would have to extend the deadline for Defendant's expert witness disclosures, which would delay the progression of this case. Moreover, the discovery deadline in this case is February 4, 2008.[3] It is now January 22, 2008. Again, if Plaintiff's experts are allowed to testify, this Court would have to also extend the discovery deadline to allow for Defendant to depose Plaintiff's experts and for Plaintiff to depose Defendant's, assuming that Defendant would in fact designate an expert witness. Thus, Plaintiff's untimely expert witness disclosures are not harmless because this Court would have to alter several deadlines to render harmless Plaintiff's tardiness, and this Court is unwilling to alter those deadlines.

### III. CONCLUSION

---

[3] The Scheduling and Discovery Order states that the deadline is February 2nd, but because that is a Saturday, the deadline is actually February 4th.

For the foregoing reasons, Defendant's Motion to Strike is granted. In closing, this Court would like to reemphasize that Plaintiff never requested an extension of time. While this Court cannot say how it would have ruled on such a hypothetical request, this Court would have much preferred to address this issue before the deadline expired.

**SO ORDERED**, this the 23rd day of January, 2008.

*/s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc