IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| VELMA W. HALL | : | |
| | : | |
|    **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 5:07-CV-172(HL) |
| MASSACHUSETTS MUTUAL LIFE | : | |
| INSURANCE COMPANY | : | |
| | : | |
|    **Defendant.** | : | |
| | : | |

# ORDER

Before the Court are Plaintiff's Motion for Reconsideration (Doc. 30) of this Court's Order (Doc. 28) granting Defendant's Motion to Strike Designation of Plaintiff's Experts (Doc. 17), and Plaintiff's Motion for Status Conference (Doc. 36). For the following reasons, Plaintiff's Motions are denied.

## I.    FACTS

This case involves a dispute about the payment of life insurance benefits under a policy insuring the deceased Calvin Hall. On August 6, 2007, this Court entered its Scheduling and Discovery Order (Doc. 11), which provides that Plaintiff had to designate her expert witnesses by November 5, 2007,[1] and that the designation had to be accompanied by a written report prepared and signed by the expert in accordance with Federal Rule of

---

[1] The date listed in the Order is November 4, 2007, but because November 4th was a Sunday, November 5th is the actual deadline.

1

Civil Procedure 26(a)(2)(B). On November 5, 2007, Plaintiff designated Lewie Shealy as an expert witness, but Plaintiff's designation did not include a written report prepared and signed by Shealy as required by the Federal Rules of Civil Procedure and this Court's Scheduling and Discovery Order. Moreover, Plaintiff's designation of Shealy also stated that Plaintiff might designate another expert witness on November 6, 2007. Thus, on November 6th, Plaintiff designated two new expert witnesses: Tim Terry and Bill Hager. Again, Plaintiff's expert witness designation did not include the requisite written report.

Due to Plaintiff's failure to comply with this Court's Scheduling Order, Defendant filed a Motion to Strike Plaintiff's Experts on November 15, 2007. On November 30, 2007, after Defendant filed its Motion to Strike, Plaintiff served on Defendant her "Recast Designation of Expert Witnesses and Disclosure of Expert Testimony." Plaintiff's recast designation stated that Hager will not be an expert witness, and it includes the signed written reports of Plaintiff's two remaining expert witnesses: Shealy and Terry.

On January 23, 2008, this Court granted Defendant's Motion to Strike. On that same day, before receiving notice that this Court had granted its Motion to Strike, Defendant took the deposition of Mr. Shealy in Metter, Georgia. After the deposition of Mr. Shealy, Defendant learned that this Court had granted Defendant's Motion to Strike. Plaintiff subsequently filed a Motion for Reconsideration of this Court's Order on Defendant's Motion to Strike. Plaintiff also filed a Motion for Status Conference to discuss whether recent depositions in the case required reconsideration of this Court's Order granting Defendant's Motion to Strike.

## II. DISCUSSION

### A. Motion for Reconsideration

A motion for reconsideration is not a form of relief explicitly conferred by the Federal Rules of Civil Procedure. Although not specifically mentioned in the Rules, a motion seeking to have the court "reconsider" an earlier order is usually governed by Rule 60. FED. R. CIV. P. 60(b); see also FED. R. CIV. P. 59(e).[2] Rule 60(b) provides that a court can grant a motion to reconsider for any of the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged...; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). "Under Rule 60(b)(6), a court may grant relief for any other reason justifying relief from the operation of judgment. Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001). In addition, Local Rule 7.6 provides, "Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believe it is absolutely necessary to file a motion to reconsider an order or judgment, the motional shall be filed with the Clerk of court within ten (10) days after entry of the order or judgment."

In this case, Plaintiff's Motion for Reconsideration does not assert which of the six

---

[2]Rule 59(e) only applies to motions to reconsider judgments, while Rule 60(b) applies to motions to reconsider both judgments and orders.

3

Rule 60(b) clauses justifies the relief she requests. Plaintiff's Motion consists in large part of the same argument she made in her Response (Doc. 25) to Defendant's Motion to Strike. The substance of that argument is that this Court should not exclude her expert witnesses because her untimely disclosure was not the result of bad faith. As this Court stated in its January 23rd Order, a court can prevent a party from using the testimony of an expert who was disclosed after the court's disclosure deadline for expert witnesses, unless the untimely disclosure was either substantially justified or harmless. FED. R. CIV. P. 37(c)(1). For the reasons recited by this Court in that Order, Plaintiff's untimely disclosure was neither substantially justified or harmless. Plaintiff's repetition of the same argument that has already been rejected by this Court is not sufficient to establish that she is entitled to relief under Rule 60(b).

The only new argument Plaintiff makes is that Defendant would not be prejudiced by allowing Mr. Shealy to testify because Defendant already took his deposition.[3] This contention does not fall within any of Rule 60(b)'s first five clauses. The only possible Rule 60(b) provision that it could fall under is Rule 60(b)(6), which allows relief for "any other reason." FED. R. CIV. P. 60(b)(6). This catch-all provision, however, only allows relief in "exceptional circumstances." Crapp, 242 F.3d at1020. The fact that Defendant has already taken Mr. Shealy's deposition is not an exceptional circumstance. While Defendant would not incur the additional cost of taking Mr. Shealy's deposition if this Court allowed him to

---

[3]According to Defendant, it took Mr. Shealy's deposition while its Motion to Strike was still pending out of an abundance of caution.

testify, this Court would still have to alter numerous deadlines that have already passed. Most notably, the discovery period ended over one month ago on February 8, 2008. To afford Plaintiff the relief she requests this Court would have to reopen discovery to allow Defendant to designate an expert witness. Plaintiff would then need time to take the deposition of Defendant's expert. In addition, the deadline for dispositive motions was March 18, 2008, and Defendant filed a Motion for Summary Judgment on the day of the deadline. Extending the discovery period would require that this Court extend the deadline for dispositive motions, which has already passed. Also, Defendant's Motion for Summary Judgment was based on evidence in the record. If Plaintiff is allowed to use Mr. Shealy's testimony Defendant would likely have to file a new Motion for Summary Judgment, or at the very least file a supplement to its Motion, to address Mr. Shealy's expert report. As a result, Plaintiff is not entitled to relief under Rule 60(b)(6) because the fact that Defendant took Mr. Shealy's deposition is not an exceptional circumstance. For these reasons, Plaintiff's Motion for Reconsideration is denied.

In closing, this Court would like to point out that Plaintiff's original excuse for not complying with the expert witness deadline was that "finding a qualified expert in the field of life insurance underwriting is an arduous task." (Pla.'s Resp. Def.'s Mot. Strike p. 6). This Court rejected that argument because Plaintiff should have been on notice since the day she instituted this suit that she might need an expert in this field as this entire case is based on the denial of life insurance benefits. Now this Court has learned that one of Plaintiff's lawyers and Mr. Shealy are acquaintances who have played golf together. (Def.'s Resp.

Pla.'s Mot. Reconsider. Ex. C, p. 135). The fact that at least one of Plaintiff's attorneys already knew Mr. Shealy makes Plaintiff's excuse ring hollow, and it further reinforces this Court's conclusion that Plaintiff's untimely disclosure of her expert witnesses was unjustified.

### B. Motion for Status Conference

Plaintiff has also requested a status conference to determine whether Plaintiff's experts should be allowed to testify on the ground that several representatives of Defendant recently gave deposition testimony that was in the nature of expert testimony. Plaintiff contends that she should be allowed to use her experts to address this "expert" testimony. Plaintiff's request is denied. It is undisputed that Defendant has not designated any expert witnesses. Had Defendant designated an expert witness, Plaintiff, under the clear terms of this Court's Scheduling and Discovery Order, would have been afforded an opportunity to designate a rebuttal expert witness.[4] But Defendant did not designate an expert witness, and Plaintiff is not entitled to a rebuttal expert. Because there is no expert testimony for Plaintiff to rebut, Plaintiff's Motion for Status Conference is denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied, and Plaintiff's Motion for Status Conference is denied.

---

[4]The Scheduling and Discovery Order allows Plaintiff to designate a rebuttal expert witness if Defendant designated an expert witness and Plaintiff did not. Plaintiff did technically designate expert witnesses. But if Defendant would have designated an expert witness Plaintiff would have been allowed to designate a rebuttal expert under the facts of this case because this Court struck her expert witnesses.

**SO ORDERED**, this the 4th day of April, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc